IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

| | |
|---|---|
| WARREN B. AVERY,<br><br>              Plaintiff,<br><br>v.<br><br>LANCE WADE,<br><br>              Defendant. | MEMORANDUM DECISION AND ORDER<br><br><br>Case No. 4:22-cv-00063-PK<br><br>Magistrate Judge Paul Kohler |

This matter is before the Court for *sua sponte*[1] screening of Plaintiff's Complaint. For the reasons discussed, the Court will dismiss this action with prejudice.

I.  BACKGROUND

Plaintiff, proceeding *pro se*[2] and *in forma pauperis*,[3] filed this civil rights action on August 30, 2022. Plaintiff's Complaint[4] is difficult to decipher. Plaintiff alleges that Defendant Lance Wade and others are "narco terrorists." Plaintiff asserts that these "narco terrorists" have attacked him using laser-equipped airplanes.

---

[1] *Sua Sponte*, Black's Law Dictionary (11th ed. 2019) ("Without prompting or suggestion; on its own motion.").

[2] *Pro Se*, Black's Law Dictionary (11th ed. 2019) ("One who represents oneself in a court proceeding without the assistance of a lawyer.").

[3] *In Forma Pauperis*, Black's Law Dictionary (11th ed. 2019) ("In the manner of an indigent who is permitted to disregard filing fees and court costs.").

[4] Docket no. 5, filed September 1, 2022.

Plaintiff consented to a Magistrate Judge conducting all proceedings in this case under 28 U.S.C. § 636(c).[5] The Court has completed its screening process and issues the following decision.

## II. DISCUSSION

28 U.S.C. § 1915 governs all cases where a plaintiff is proceeding *in forma pauperis* ("IFP"). Under 28 U.S.C. § 1915(e)(2)(B), the court must dismiss a cause of action filed IFP at any time the court determines the action is frivolous, malicious, fails to state a claim upon which relief may be granted, or if the litigant seeks monetary relief from a defendant who is immune from such a claim. Section 1915(e)(2)(B) screening is not limited to prisoner litigation. Section 1915(e)(2)(B) directs the court to screen any case where the plaintiff is proceeding IFP.[6] Although § 1915(e)(2)(B) screening is not required before granting IFP status or ordering service on the defendant, the Tenth Circuit has encouraged district courts to screen IFP cases as soon as practical.[7]

---

[5] Docket no. 6, filed September 13, 2022.

[6] *See, e.g., Lister v. Dep't of Treasury*, 408 F.3d 1309, 1312 (10th Cir. 2005) ("Section 1915(a) applies to all persons applying for IFP status, and not just to prisoners."); *see also Webb v. Caldwell*, 640 F. App'x 800, 802 (10th Cir. 2016) (applying 28 U.S.C. § 1915(e)(2)(B)(ii) to a non-prisoner IFP case); *Calhoun v. Stahl*, 254 F.3d 845, 845 (9th Cir. 2001) ("[T]he provisions of 28 U.S.C. § 1915(e)(2)(B) are not limited to prisoners.").

[7] *See Buchheit v. Green*, 705 F.3d 1157, 1160 (10th Cir. 2012) ("Though screening might be a good practice and more efficient, we find that nothing in this language *requires* an assigned magistrate judge to screen a case for merit or to make a recommendation for dismissal to the district court before granting IFP status.").

Because Plaintiff is proceeding *pro se*, the Court construes his pleadings liberally,[8] but will not assume the role of advocate for a *pro se* litigant.[9] "A district court may dismiss a case *sua sponte* under Federal Rule Civil Procedure 12(b) when it is 'patently obvious' that the plaintiff could not prevail on the facts alleged."[10]

Plaintiff asserts claims under 42 U.S.C. §§ 1983 and 1985. "A prerequisite to any relief under section 1983 is that the defendant has acted under color of state law."[11] Plaintiff has not alleged that Defendant Wade "is a state official, . . . has acted together with or has obtained significant aid from state officials, or . . . his conduct is otherwise chargeable to the State."[12] Instead, Plaintiff's filings appear to suggest that Mr. Wade is a private citizen who owns apartment complexes in Salt Lake County, Utah.[13] Without additional allegations suggesting the presence of a state actor, Plaintiff's § 1983 claim fails.

Plaintiff also asserts a claim under 42 U.S.C. § 1985. To demonstrate a private conspiracy under § 1985(3), Plaintiff must prove "(1) a conspiracy; (2) to deprive plaintiff of equal protection or equal privileges and immunities; (3) an act in furtherance of the conspiracy; and (4) an injury or deprivation resulting therefrom."[14] Plaintiff must also show the conspiracy was

---

[8] *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972).

[9] *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

[10] *Andrews v. Heaton*, 483 F.3d 1070, 1074 n.2 (10th Cir. 2007) (quotation marks and citation omitted).

[11] *Barnard v. Young*, 720 F.2d 1188, 1188–89 (10th Cir. 1983).

[12] *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 937 (1982) (describing ways in which a person "may fairly be said to be a state actor").

[13] Docket no. 5-1, at 24.

[14] *Tilton v. Richardson*, 6 F.3d 683, 686 (10th Cir. 1993).

motivated by racial, or other class-based animus.[15] Plaintiff makes no allegations that would sufficiently state a claim under § 1985(3). Therefore, this claim fails to state a claim for relief upon which relief can be granted.

In addition to failing to state a claim, Plaintiff's Complaint is frivolous. A complaint is frivolous if "it lacks an arguable basis either in law or in fact."[16] "[A] court may dismiss a claim as factually frivolous only if the facts alleged are clearly baseless, a category encompassing allegations that are fanciful, fantastic, and delusional."[17] While the Court does not doubt the sincerity with which Plaintiff asserts his claims, the Court concludes that Plaintiff's allegations of drug smuggling pilots attacking him with laser equipped aircraft stray into the fanciful and delusional.[18]

The Court must next decide whether dismissal should be with or without prejudice. A court may dismiss a *pro se* complaint with prejudice where any attempt to amend the complaint would be futile.[19] Based upon the nature of the allegations, the Court concludes that allowing amendment would be futile. Even if Plaintiff could plead the presence of a state actor or class-based animus, his allegations remain frivolous.

---

[15] *Griffin v. Breckenridge*, 403 U.S. 88, 102 (1971).

[16] *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

[17] *Denton v. Hernandez*, 504 U.S. 25, 33 (1992) (internal quotation marks and citations omitted).

[18] *See Phillips v. AT&T*, 365 F. App'x 960, 960 (10th Cir. 2010) (citing *Neitzke* and dismissing appeal under § 1915(e)(2)(B) as frivolous because "the factual allegations contained in the complaint stray into the fanciful and delusional").

[19] S*ee Perkins v. Kan. Dep't of Corrs.*, 165 F.3d 803, 806 (10th Cir. 1999) ("Dismissal of a *pro se* complaint for failure to state a claim is proper only where it is obvious that the plaintiff cannot prevail on the facts he has alleged and it would be futile to give him an opportunity to amend.").

## III. CONCLUSION

It is therefore

ORDERED that Plaintiff's Complaint is DISMISSED WITH PREJUDICE.

DATED this 27th day of September, 2022.

BY THE COURT:

PAUL KOHLER
United States Magistrate Judge

5